# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

ANDREW L. JAMISON                                                           PLAINTIFF

v.                                                                   No. 4:08CV137-P-S

STATE OF MISSISSIPPI, ET AL.                                              DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Andrew L. Jamison, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff makes numerous allegations regarding the propriety of his conviction – and one allegation regarding denial of medical treatment. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

## Factual Allegations

Jamison alleges that he has been denied medical care. Specifically, he alleges that he has contracted Human Immunodeficiency Virus ("HIV") and that the Mississippi Department of Corrections will not conduct blood tests to confirm or eliminate this possibility. He also alleges a host of claims regarding the validity of his criminal convictions for in the Circuit Court of DeSoto County, Mississippi for attempted armed robbery (Count I) and possession of a stolen firearm (Count II). Jamison alleges: (1) that he is actually innocent of the crimes of his conviction, (2) that he has been denied the right to appeal his conviction, (3) that the evidence was insufficient to support a verdict of guilty, (4) that counsel was ineffective in failing to seek suppression the victim's in-court identification of Jamison, (5) that counsel was ineffective in

failing to object to the victim's testimony, (6) that the indictment was constructively amended, and (7) that the arresting officers conducted an unreasonable search and seizure by removing a rubber mask.

## *Res Judicata* and Collateral Estoppel

The plaintiff's claim of denial of medical care is barred by the doctrine of *res judicata,* (claim preclusion), and by the related doctrine of collateral estoppel (issue preclusion). Jamison has litigated this claim to conclusion in the case *Jamison v. Central Mississippi Correctional Facility*, 3:06CV507-WLB-LRA. On January 29, 2007, the plaintiff himself moved to dismiss that case voluntarily because "the relief requested to the Administrative Remedy Program has been granted." The court granted that motion January 30, 2007, in a final judgment dismissing that case *with prejudice*. In addition, the plaintiff tried to bring this same claim before this court in *Jamison v. Hood*, 4:07CV39-P-A. This court dismissed the claim under the doctrines of *res judicata* and collateral estoppel in its memorandum opinion and final judgment of March 29, 2007. For the reasons set forth in that memorandum opinion, the plaintiff's claim regarding failure to test him for HIV shall be dismissed under the doctrines of *res judicata* and collateral estoppel.

## Successive Petition

The remainder of Jamison's claims, no matter how he has characterized them, are challenges to the validity of his two convictions. As such, the court shall treat these claims as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. Jamison has, however, filed at least one other unsuccessful 2254 petition in this court concerning the same convictions he now challenges. *See Jamison v. Byrd*, 2-07CV8-M-A. The Antiterrorism and Effective Death Penalty Act requires that before a district court files a second or successive petition, "the

applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Jamison has not obtained such an order. As the Fifth Circuit has not ruled that the petitioner may proceed with the instant petition, these claims shall be dismissed for lack of subject matter jurisdiction under 28 U.S.C. § 2244(b).

## Motion for Temporary Restraining Order or Preliminary Injunction

Finally, the plaintiff has moved for a temporary restraining order or preliminary injunction. The plaintiff requests several specific types of diagnostic testing and treatments for HIV. As the United States District Court for the Southern District and this court have already ruled upon the substance of Jamison's claims, this motion shall be dismissed. In sum, all of the plaintiff's claims shall be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 19th day of February, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE